FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JUL 11 2006

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>CECILLO PACACHE; )<br>DEMETRIOUS TERRELL PEGUES; )<br>CLIFF JOHNSON; )<br>TERRENCE ANTWAN JEROME NEWKIRK, )<br>    a.k.a. Rock and Rocky; )<br>CHARLES DANIEL CRAIG; )<br>KOWOSKY TYWAN CHRISTIAN; )<br>CHRISTOPHER IMAN ULMER; )<br>DEMETRIA MILLS; )<br>DARRYL LAMONT BROWN; )<br>DARNELL MONTREZE BROWN; )<br>RODRIGEZ CHILDRES; )<br>ROGER WALTON; )<br>JAMES EARL HUBBARD; )<br>JAMES CALVIN TALLEY, )<br>    a.k.a. Noosie; )<br>WILMONT TIMOTHY BARNETT; and )<br>WILLIAM EARL ULMER, )<br>    a.k.a. Michael Ulmer )| CR. NO. **2:06CR169-WHA**<br>[21 U.S.C. §§ 846, 841(a)(1),<br>844, and 843(b)]<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**INDICTMENT** |

The Grand Jury charges that:

<u>COUNT 1</u>

From in or about January 2002 until the filing of this indictment, in Chilton and

Autauga Counties in the Middle District of Alabama, the Northern District of Alabama,

the Eastern District of Michigan, the Central District of California, the Southern District

of Texas, the District of South Carolina and the Western District of Louisiana and

elsewhere, the defendants,

1

CECILLO PACACHE;
DEMETRIOUS TERRELL PEGUES;
CLIFF JOHNSON;
TERRENCE ANTWAN JEROME NEWKIRK,
a.k.a. Rock and Rocky;
CHARLES DANIEL CRAIG;
KOWOSKY TYWAN CHRISTIAN;
CHRISTOPHER IMAN ULMER;
DEMETRIA MILLS;
DARRYL LAMONT BROWN;
DARNELL MONTREZE BROWN;
RODRIGEZ CHILDRES;
ROGER WALTON;
JAMES EARL HUBBARD;
JAMES CALVIN TALLEY,
a.k.a. Noosie;
WILMONT TIMOTHY BARNETT; and
WILLIAM EARL ULMER,
a.k.a. Michael Ulmer,

did knowingly and intentionally conspire, combine and agree with each other and with

other persons both known and unknown to the Grand Jury to possess with intent to

distribute and distribute 50 grams or more of a mixture and substance containing a

detectable amount of cocaine base, more commonly referred to as "crack cocaine,"

five (5) kilograms or more of mixture and substance containing a detectable amount of

cocaine hydrochloride, more commonly referred to as "cocaine powder," both Schedule

II Controlled Substances and marijuana, a Schedule I Controlled Substance , in

violation of Title 21, United States Code, Section 841(a)(1).  All in violation of Title 21,

United States Code, Section 846.

## COUNT 2

On or about the 9th day of January, 2002, in Autauga County, within the Middle

District of Alabama, the defendant,

ROGER WALTON,

2

did knowingly and intentionally distribute approximately 122.7 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 3

On or about the 13th day of March, 2002, in Autauga County, within the Middle District of Alabama, the defendants,

ROGER WALTON, and<br>DARRYL LAMONT BROWN,

each added an abetted by the other, did knowingly and intentionally distribute approximately 99.7 grams of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT 4

On or about the 3rd day of April, 2002, in Autauga County, within the Middle District of Alabama, the defendant,

DARRYL LAMONT BROWN,

did knowingly and intentionally posses with the intent to distribute approximately 34.1 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

3

## COUNT 5

On or about the 3rd day of April, 2002, in Autauga County, within the Middle District of Alabama, the defendant,

### ROGER WALTON,

did knowingly and intentionally possess approximately 2.5 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 844(a).

## COUNT 6

On or about the 13th day of April, 2004, in Chilton County, within the Middle District of Alabama, the defendant,

### DARNELL MONTREZE BROWN,

did knowingly and intentionally distribute approximately 40.0 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 7

On or about the 28th day of May, 2004, in Chilton County, within the Middle District of Alabama, the defendant,

### WILLIAM EARL ULMER,
a.k.a. Michael Ulmer,

did knowingly and intentionally possess with the intent to distribute approximately 11.63 grams of a mixture and substance containing a detectable amount of cocaine

4

hydrochloride, more commonly referred to as "cocaine powder," a Schedule II

Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 8

On or about the 27th day of September, 2004, in Chilton County, within the

Middle District of Alabama, the defendant,

### WILMONT TIMOTHY BARNETT,

did knowingly and intentionally distribute approximately 14.06 grams of a mixture and

substance containing a detectable amount of cocaine base, more commonly referred to

as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United

States Code, Section 841(a)(1).

## COUNT 9

On or about the 5th day of November, 2004, in Chilton County, within the Middle

District of Alabama, the defendant,

### JAMES EARL HUBBARD,

did knowingly and intentionally distribute approximately 52.18 grams of a mixture and

substance containing a detectable amount of cocaine base, more commonly referred to

as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United

States Code, Section 841(a)(1).

## COUNT 10

On or about the 21st day of January, 2005, in Chilton County, within the Middle

District of Alabama, the defendant,

### CHRISTOPHER IMAN ULMER,

did knowingly and intentionally distribute approximately 61.5 grams of a mixture and

5

substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 11

On or about the 15th day of February, 2005, in Chilton County, within the Middle District of Alabama, the defendants,

KOWOSKY TYWAN CHRISTIAN, and
CHRISTOPHER IMAN ULMER,

did knowingly and intentionally possess with the intent to distribute approximately 582 grams of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine," 1501 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," both being Schedule II Controlled Substances and 2,700 grams of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 12

On or about the 11th day of April, 2005, in Chilton County, within the Middle District of Alabama, the defendant,

CLIFF JOHNSON,

did knowingly and intentionally distribute approximately 55.1 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

6

<u>COUNT 13</u>

On or about the 23rd day of June, 2005, in Chilton County, within the Middle District of Alabama, the defendant,

CLIFF JOHNSON,

did knowingly and intentionally distribute approximately 69.7 grams of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

<u>COUNT 14</u>

On or about the 5th day of November, 2004, in the Middle District of Alabama, the defendant,

CHRISTOPHER IMAN ULMER,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (205) 415-0157 in committing, causing and facilitating the offense set forth in Count 9 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

<u>COUNT 15</u>

On or about the 19th day of August, 2005, at approximately 9:41 a.m., in the Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
TERRENCE ANTWAN JEROME NEWKIRK,
a.k.a. Rock and Rocky,

did knowing and intentionally use a communication facility, that is a cellular telephone,

bearing telephone number (205) 415-0108 in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT 16

On or about the 19th day of August, 2005, at approximately 9:44 a.m., in the Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
TERRENCE ANTWAN JEROME NEWKIRK,
a.k.a. Rock and Rocky,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (205) 415-0108 in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT 17

On or about the 19th day of August, 2005, at approximately 3:55 p.m., in the Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
TERRENCE ANTWAN JEROME NEWKIRK,
a.k.a. Rock and Rocky,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (205) 415-0108 in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT 18

On or about the 19th day of August, 2005, at approximately 5:47 p.m., in the

Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
FNU LNU,

did knowing and intentionally use a communication facility, that is a cellular telephone,

bearing telephone number (205) 415-0108 in committing, causing and facilitating the

offense set forth in Count 1 of this indictment and incorporated by reference herein, in

violation of Title 21, United States Code, Section 843(b).

COUNT 19

On or about the 20th day of August, 2005, in the Middle District of Alabama, the

defendants,

CLIFF JOHNSON, and
CHARLES DANIEL CRAIG,

did knowing and intentionally use a communication facility, that is a cellular telephone,

bearing telephone number (205) 415-0108 in committing, causing and facilitating the

offense set forth in Count 1 of this indictment and incorporated by reference herein, in

violation of Title 21, United States Code, Section 843(b).

COUNT 20

On or about the 21st day of August, 2005, in the Middle District of Alabama, the

defendants,

CLIFF JOHNSON, and
TERRENCE ANTWAN JEROME NEWKIRK,
a.k.a. Rock and Rocky,

did knowing and intentionally use a communication facility, that is a cellular telephone,

bearing telephone number (205) 415-0108 in committing, causing and facilitating the

offense set forth in Count 1 of this indictment and incorporated by reference herein, in

violation of Title 21, United States Code, Section 843(b).

## COUNT 21

On or about the 22nd day of August, 2005, in the Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
FNU LNU, a.k.a. Ethel,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (205) 415-0108 in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT 22

On or about the 22nd day of August, 2005, at approximately 3:03 p.m., in the Middle District of Alabama, the defendant,

CLIFF JOHNSON,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (205) 415-0108 in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT 23

On or about the 22nd day of August, 2005, at approximately 3:16 p.m., in the Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
DEMETRIA MILLS,

did knowing and intentionally use a communication facility, that is a cellular telephone,

bearing telephone number (205) 415-0108 in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT 24

On or about the 24th day of August, 2005, at approximately 7:10 a.m., in the Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
CHARLES DANIEL CRAIG,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (205) 415-0108 in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT 25

On or about the 24th day of August, 2005, at approximately 7:14 a.m., in the Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
CHARLES DANIEL CRAIG,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (205) 415-0108 in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT 26

On or about the 24th day of August, 2005, at approximately 6:52 p.m., in the Middle District of Alabama, the defendants,

11

CLIFF JOHNSON, and
DEMETRIOUS TERRELL PEGUES,

did knowing and intentionally use a communication facility, that is a cellular telephone,

bearing telephone number (205) 415-0108 in committing, causing and facilitating the

offense set forth in Count 1 of this indictment and incorporated by reference herein, in

violation of Title 21, United States Code, Section 843(b).

COUNT 27

On or about the 24th day of August, 2005, at approximately 6:58 p.m., in the

Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
CHARLES DANIEL CRAIG,

did knowing and intentionally use a communication facility, that is a cellular telephone,

bearing telephone number (205) 415-0108 in committing, causing and facilitating the

offense set forth in Count 1 of this indictment and incorporated by reference herein, in

violation of Title 21, United States Code, Section 843(b).

COUNT 28

On or about the 9th day of September, 2005, in the Middle District of Alabama,

the defendants,

CLIFF JOHNSON, and
DEMETRIA MILLS,

did knowing and intentionally use a communication facility, that is a cellular telephone,

bearing telephone number (205) 415-0108 in committing, causing and facilitating the

offense set forth in Count 1 of this indictment and incorporated by reference herein, in

violation of Title 21, United States Code, Section 843(b).

12

<u>COUNT 29</u>

On or about the 12th day of September, 2005, at approximately 10:41 a.m., in the Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
CHRISTOPHER IMAN ULMER,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (205) 415-0108 in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

<u>COUNT 30</u>

On or about the 12th day of September, 2005, at approximately 11:22 a.m., in the Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
CHRISTOPHER IMAN ULMER,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (205) 415-0108 in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

<u>COUNT 31</u>

On or about the 21st day of September, 2005, in the Middle District of Alabama, the defendants,

CLIFF JOHNSON, and
DEMETRIA MILLS,

did knowing and intentionally use a communication facility, that is a cellular telephone,

13

offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

COUNT 32

On or about the 29th day of September, 2005, in the Middle District of Alabama, the defendants,

CLIFF JOHNSON, and<br>CHARLES DANIEL CRAIG,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (205) 415-0108 in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

FORFEITURE ALLEGATION

A.     Counts 1 through 32 of this indictment are hereby repeated and incorporated herein by reference.

B.     Upon conviction for any violation of Title 21, United States Code, Sections 841(a)(1) and 846 as alleged in Count 1; and/or violations of Title 21, United States Code Section 841 as alleged in Counts 2 through 13; and/or violations of Title 21, United States Code, Section 843(b) as alleged in Counts 14 through 32 of this indictment, the defendants,

CECILLO PACACHE<br>
DEMETRIOUS TERRELL PEGUES<br>
CLIFF JOHNSON<br>
TERRENCE ANTWAN JEREOME NEWKIRK a.k.a Rock and Rocky<br>
CHARLES DANIEL CRAIG<br>
KOWOSKY TYWAN CHRISTIAN<br>
CHRISTOPHER INMAN ULMER<br>
DEMETRIA MILLS

14

CHRISTOPHER INMAN ULMER
DEMETRIA MILLS
DARRYL LAMONT BROWN
DARNELL MONTREZE BROWN
RODRIGEZ CHILDRES
ROGER WALTON
JAMES EARL HUBBARD
JAMES CALVIN TALLEY a/k/a Noosie
WILMONT TIMOTHY BARNETT; and
WILLIAM EARL ULMER a.k.a Michael Ulmer,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853

any and all property constituting or derived from any proceeds the said defendants

obtained directly or indirectly as a result of the said violations and any and all property

used or intended to be used in any manner or part to commit and to facilitate the

commission of the violations alleged in this indictment.

      C.    If any of the forfeitable property described in this forfeiture allegation, as a

result of any act or omission of the defendants:

            (1)    cannot be located upon the exercise of due diligence;

            (2)    has been transferred or sold to, or deposited with, a third person;

            (3)    has been placed beyond the jurisdiction of the Court;

            (4)    has been substantially diminished in value; or,

            (5)    has been commingled with other property which

cannot be subdivided without difficulty; the United States, pursuant to Title 21, United

States Code, Section 853, intends to seek an order of this Court forfeiting any other

property of said defendants up to the value of the forfeitable property.

15

A TRUE BILL:

_Janice Davis Williams_
Foreperson

_John T. Harmon_
JOHN T. HARMON
Assistant United States Attorney

_Clark Morris_
A. CLARK MORRIS
Assistant United States Attorney

16