IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

# NOTICE

**TO RETAINED CRIMINAL DEFENSE ATTORNEY, GREGORY L. POOL**

**USA vs. ROGER WALTON - 2:06cr169-12-WKW**

Retained criminal defense attorneys are expected to make financial arrangements satisfactory to themselves and sufficient to provide for representation of each defendant until the conclusion of the defendant's case. Unless this court, within ten (10) days after arraignment, is notified in writing of counsel's withdrawal because of the defendant's failure to make satisfactory financial arrangements, this court will expect counsel to represent the defendant until the conclusion of the case. Failure of a defendant to pay sums owed for attorney's fees or failure of counsel to collect a sum sufficient to compensate for all the services usually required of defense counsel will not constitute good cause for withdrawal after said ten-day period has expired.

Every defendant has a right to appeal from any conviction; a convicted defendant's case is therefore not concluded until his direct appeal is decided. Thus, the further expectation of this court and the United States Court of Appeals for the Eleventh Circuit is that retained counsel, in making satisfactory financial arrangements, will contemplate services to be rendered upon appeal.

If a defendant moves the court to proceed on appeal *in forma pauperis* and/or for appointment of Criminal Justice Act appellate counsel, retained counsel will be required to disclose in camera (1) the total amount of fees and costs paid, (2) by whom fees and costs were paid, and (3) the costs actually incurred and services actually rendered. Note that matters involving the receipt of fees from a client are not generally privileged, <u>United States v. Sims</u>, 845 F.2d 1564 (11th Cir. 1988); <u>In Re Slaughter</u>, 694 F.2d 1258 (11th Cir. 1982); <u>In Re Grand Jury Proceedings: United States v. Jones</u>, 517 F.2d 666 (5th Cir. 1975). All information submitted will, of course, be viewed in camera by the court for the purpose of deciding the defendant's *in forma pauperis* motion.

Except in extraordinary, unforeseen circumstances, this policy will be strictly adhered to; such circumstances may be brought to the court's attention by motion to be relieved of the duty to represent the defendant upon appeal.