IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CASE NO. 2:06cr169-WKU |
| ROGER WALTON, | * | |
| Defendant. | * | |

**REPORT TO COURT OF RESULTS
OF MEETING WITH DEFENDANT AS ORDERED
BY THE COURT ON 5/31/07 AND MOTION TO RECONSIDER
DEFENSE COUNSEL'S MOTION TO WITHDRAW**

1. On May 31, 2007, this Honorable Court issued an Order directing defense counsel and the Defendant to meet in Courtroom 5-B of the United States Courthouse on June 5, 2007, at 3:30 p.m., "to resolve any issues about continuing representation."

2. The meeting took place as ordered. At that time, the Defendant advised the undersigned attorney that he had no money with which to pay an attorney's fee[1], and no money to deposit in order for defense counsel to order Discovery, which will cost approximately $1,000, or more. The Defendant stated that he had been trying to obtain a loan with "family property" as security, but that his sister, "refused to turn over the deed to him."

3. It does not appear that the Defendant will be able to pay an attorney's fee, although he initially represented that he could. It would therefore clearly be in Defendant's best interest, and the undersigned attorney's best interest, to be represented

---

[1] A retainer was paid on April 2, 2007, in the amount of $1,000, at which time the Defendant represented to this attorney that the charge pending against him was in state court. Nothing else has been paid on the fee.

1

by the Federal Defender's Office. It would work an undue hardship on the undersigned attorney to have to represent the Defendant without being paid to do so. The undersigned attorney is an employee of a two-member law firm, and it would work an undue hardship on the law firm, as well.

      4. If the undersigned attorney is not allowed to withdraw from representation of the Defendant, the Defendant would have been allowed to accomplish what may have been his intent all along, viz. to have retained counsel without paying for same. It would be most inequitable for the undersigned attorney to remain on a case of this magnitude without being paid. The U.S. Attorney has estimated that it will take three to four (3-4) weeks to try this case. Additionally, there are over 7,000 pages of Discovery materials.

      WHEREFORE, it is respectfully requested that this Honorable Court reconsider its previous Order and allow the undersigned attorney to withdraw from further representation of the Defendant.

                                        */S/ Gregory M. Pool*
                                        GREGORY M. POOL

OF COUNSEL:
GREGORY M. POOL (POO018)
Attorney at Law
Post Office Box 2247
Montgomery, Alabama 36102-2247
(334) 265-3528
(334) 263-2428 FAX

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon the following VIA: CM/ECF by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the ___6___ day of June, 2007.

Honorable A. Clark Morris (CM/ECF)
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

Honorable John T. Harmon (CM/ECF)
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

Mr. Roger Walton (U.S. MAIL)
120 Danya Court
Prattville, Alabama 36067

                                          */S/ Gregory M. Pool*
                                          GREGORY M. POOL