IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                                              ) | CASE NO: 2:06cr169-WKW |
| ) | |
| ROGER WALTON                      ) | |

### MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE

**COMES NOW** the Defendant ROGER WALTON, by and through undersigned counsel, and respectfully moves this Honorable Court to grant a downward departure and/or a variance from the Guideline sentence on the basis of Mr. Walton's timely withdrawal from the charged conspiracy, self-rehabilitation from drug use, and post-offense reformation of his conduct.

In support of this Motion, the Defendant would show:

1. That Mr. Walton entered a plea of guilty to two charges of distribution of a controlled substance (cocaine and cocaine base) as well as conspiracy to possess cocaine and cocaine base with intent to distribute.

2. That the drug sales that Mr. Walton was involved in took place in January and March, 2002.

3. That prior to these sales, Mr. Walton had never been arrested for any offense. The Presentence Investigation Report indicates no known criminal history,

either before or after the conduct leading to this case.

4. That very shortly after these sales took place, Mr. Walton voluntarily and unilaterally withdrew from the above-referenced conspiracy, stopped using illegal drugs, and has successfully extracted himself from the lifestyle of a drug user, and from the related aspects of drug use.

5. That as of the filing of this motion, Mr. Walton is married, has a very young child, and is employed full time. Mr. Walton enjoys a close relationship with his family, and has put his prior drug use far behind him. In short, Mr. Walton has, without supervision of this or any other Court, and with no indication that he would be indicted for conduct he engaged in during 2002, done everything in his power to begin a new life, free of drugs and free from people who use drugs.

6. That Mr. Walton has been incarcerated since the date of his guilty plea on October 17, 2007.

7. That Mr. Walton in no way represents a threat to himself or to the community at large.

8. That Mr. Walton's pre-indictment behavior strongly indicates that he will not return to drug use or any contact with drugs whatsoever.

9. That Mr. Walton's conduct since March, 2002 shows that a sentence below the guideline recommendation will constitute an appropriate sentence based

       upon the factors set forth in 18 U.S.C. § 3553(a), in that such a sentence will:

         a. Reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

         b. Afford adequate deterrence to criminal conduct;

         c. Protect the public from further crimes of the defendant;

         d. Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

10. That the undersigned believes in good faith that there will be no or minimal restitution involved in this case.

11. That this Honorable Court has discretion to consider the above factors in determining whether a downward departure is indeed appropriate. This decision will be reversed only in the case of abuse of discretion. <u>Gall v. US</u>, 128 S. Ct. 586 (December 10, 2007.)

12. That the undersigned respectfully submits that the factors listed above constitute grounds for a downward departure, pursuant to USSG §5K2.0(a). Specifically, The Guidelines do not adequately consider the defendant's exceptional pre-indictment conduct. Pre-indictment conduct

      is not prohibited from the Court's consideration by USSG §5K2.0(d).

13. That the defendant respectfully submits to this Honorable Court that, in light of the remarkable progress that Mr. Walton has made since the time of the pertinent conduct in 2002, and the self-rehabilitation that Mr. Walton has undertaken, a downward departure or variance from the guideline sentence is appropriate. The defendant respectfully submits that a sentence of time served and probation is adequate under the extraordinary circumstances of this case.

Respectfully submitted this the 30th day of January, 2008.

                      S/ Andrew M. Skier
                      ANDREW M. SKIER  (SKI013)
                      PO Box 4100
                      Montgomery, AL  36103-4100
                      (334) 263-4105 (Voice) (334) 263-4766 (Fax)
                      Email:  amskier@mindspring.com

**IN THE DISTRICT COURT FOR THE UNITED STATES OF AMERICA
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**     * | |
|             **Plaintiff,**     * | |
|                             * | |
| **VS.**     * | **CASE NO. CR  2:06cr169-WKW** |
|                             * | |
| **ROGER WALTON**     * | |
|             **Defendant.** | |

## CERTIFICATE OF SERVICE

    I hereby certify that on January 30, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:  A. Clark Morris, Esquire, Assistant US Attorney.

               S/ Andrew M. Skier
               ANDREW M. SKIER  (SKI013)
               PO Box 4100
               Montgomery, AL  36103-4100
               (334) 263-4105 (Voice) (334) 263-4766 (Fax)
               Email:  amskier@mindspring.com